DA 07-0135

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 348N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

GAREY WAYNE KRAMER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Pondera, Cause No. DC 03-03
Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Brad Aklestad, Appellate Defender, Shelby, Montana

      For Appellee:

          Hon. Mike McGrath, Attorney General; John Paulson, Assistant Attorney
General, Helena, Montana

          Mary Ann Ries, Pondera County Attorney, Conrad, Montana

Submitted on Briefs: November 27, 2007

Decided: December 18, 2007

Filed:

_____
                        Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Garey Wayne Kramer (Kramer) appeals from the order of the Ninth Judicial District Court denying his motion to continue sentencing when Kramer had hired private counsel to replace his court-appointed counsel and requested two weeks for new counsel to prepare. We affirm the District Court's order.

¶3     The State originally charged Kramer with driving under the influence of alcohol, a fourth and subsequent offense, in violation of § 61-8-401(1)(a), MCA, and possession of a dangerous drug, a misdemeanor, in violation of § 45-9-102, MCA. Kramer entered a plea of guilty and the District Court sentenced him to the Department of Corrections for driving under the influence of alcohol, a felony, to be served as a direct commitment to a residential alcohol treatment program approved by the Department of Corrections. The District Court supplemented this thirteen-month commitment with a separate five-year commitment with the Department of Corrections. The District Court provided that the five-year commitment would run consecutive to the thirteen-month commitment. The court suspended the entire five years upon conditions and terms.

¶4     The State filed a petition to revoke Kramer's suspended sentence on August 31, 2006, based on Kramer's alleged violations of various terms and conditions, including missing

2

appointments with his probation officer, using alcohol, using marijuana, failing to comply with the chemical dependency treatment recommendations agreed upon by Kramer, and Kramer's alleged purchase of drugs from an undercover agent in Glacier County. Kramer appeared before the court with his court-appointed attorney, William Hunt, Jr. The court reviewed the State's petition to revoke the suspended sentence and advised Kramer of his rights. Kramer acknowledged that he understood his rights. Kramer entered a denial on all counts at a hearing on September 25, 2006. The court set an evidentiary hearing.

¶5 The court conducted the evidentiary hearing on October 10, 2006. Kramer once again appeared with his court-appointed counsel, William Hunt, Jr. The court determined that Kramer had violated the terms of his probationary sentence based upon the testimony presented at the hearing and revoked Kramer's suspended sentence. The court set a sentencing hearing for October 23, 2006. The court advised the parties, however, that it would consider continuing the sentencing hearing if pending matters in Glacier County relating to Kramer's alleged purchase of illegal drugs remained unresolved.

¶6 Kramer filed a motion on October 20, 2006, to continue the sentencing hearing. Kramer requested the court to postpone the hearing until November 27, 2006. The court denied Kramer's motion, but for unrelated reasons the court postponed the hearing and reset it for November 27, 2006. Kramer failed to appear for this re-scheduled sentencing hearing and the court issued a bench warrant for his arrest. Kramer was re-arrested and the court set a sentencing hearing for January 22, 2007.

3

¶7     The State advised the court at the January 22, 2007, hearing that it was ready to proceed. Kramer's court-appointed counsel, William Hunt, Jr., advised the court, however, that Kramer had informed him he was going to retain private counsel. Hunt further advised the court that Kramer's private counsel was going to ask for a two week continuance to allow private counsel to make an appearance and to allow Hunt to withdraw. The District Court denied the motion on the grounds that Kramer had ample time to retain his own counsel and the court proceeded to sentence Kramer while he was represented by his appointed counsel. The District Court determined that Kramer should be committed to the Department of Corrections for placement in a pre-release program. The court ordered Kramer to surrender his driver's license and to refrain from driving a vehicle during the term of commitment. Kramer appeals.

¶8     Kramer argues on appeal that the District Court abused its discretion when it denied Kramer's request to continue the sentencing hearing. Kramer contends that he had a fundamental constitutional right to retain counsel of his choice. Kramer argues that he had pursued retained counsel diligently and that he put faith and trust in his newly retained counsel. Kramer further contends that the interests of justice favor granting the motion to continue. The State argues that the record fails to support Kramer's claim that he engaged in a good faith diligent effort to obtain substitute private counsel. The State points out that nothing in the record indicates that Kramer was dissatisfied with the appointed counsel and wanted substitute counsel. The State argues that Kramer waited too long--until the day of the hearing--to inform the court of his intent to seek private counsel.

¶9　　We review a district court's denial of a request for continuance to determine whether the district court abused its discretion. *State v. Molder*, 2007 MT 41, ¶ 19, 336 Mont. 91, ¶ 19, 152 P.3d 722, ¶ 19. We will not overturn the district court's ruling absent a showing of prejudice to the moving party. *Molder*, ¶ 19. An abuse of discretion occurs only if the court acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason resulting in substantial injustice. *State v. Hendershot*, 2007 MT 49, ¶ 19, 336 Mont. 164, ¶ 19, 153 P.3d 619, ¶ 19. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that no abuse of discretion occurred as the District Court did not act arbitrarily, without the employment of conscientious judgment, or exceed the bounds of reason in a manner that resulted in a substantial injustice to Kramer.

¶10　　We affirm.

/S/ W. WILLIAM LEAPHART

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON

5